UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV407-3-MU

| | |
|---|---|
| ANTHONY ANDREA WHITWORTH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ALVIN W. KELLER, Jr, )<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed on November 6, 2009 (Document No. 1.) For the reasons stated herein, the Petitioner's case will be dismissed as time-barred.

## I. Factual and Procedural Background

According to his Petition, on June 26, 2008, Petitioner pled guilty to three counts of trafficking in cocaine and was sentenced to three consecutive terms of 35-42 months. Petitioner did not file a direct appeal. On August 31, 2009 Petitioner filed a Motion for Appropriate Relief ("MAR") in the Cleveland County Superior Court, which was denied. On September 30, 2009 Petitioner filed a Petitioner for Writ of Certiorari which was also denied. It is not clear whether or not Petitioner filed a Petition for Discretionary Review in the Supreme Court of North Carolina.. Next, Petitioner filed the instant Habeas Petition pursuant to 28 U.S.C. § 2254 on November 6, 2009.[1]

---

[1] The Court notes that the Petition was signed and dated on November 5, 2009.

1

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on June 26, 2008 and did not file a direct appeal of his conviction and sentence. Consequently, Petitioner's conviction became final no later than July 10, 2008, i.e., at the expiration of the fourteen day period during which he could have sought a direct appeal. See

Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for ADEPA purposes at the expiration of the period during which direct review could have been sought); and N.C.R. App. P. 4(a) (providing fourteen days for service of notice of appeal.) Petitioner allowed more than a year to elapse after he was conviction and sentenced before he initiated his unsuccessful collateral review proceedings in the North Carolina courts. Thus while the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here. That is, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.[2] Indeed, Petitioner's one-year period already had expired before he even began collateral review. No doubt, the Petitioner was aware that his Petition likely would be construed as time-barred. Indeed, in response to the question on his form-petition regarding timeliness, Petitioner stated that "28 U.S.C. § 2244(d) does not apply to me

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the Petitioner had the opportunity to address the timeliness of his Petition on his form petition, albeit unsuccessfully, the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him. The Court further notes that Petitioner's response shows no confusion and demonstrates that he understood the timeliness issues because he clearly set forth the facts he believed were sufficient to save his motion from the statute of limitations. See Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. 2008).

because North Carolina Law provides that guilty pleas cannot be appealed therefore tolling was impossible. Also, Post Conviction Motions were filed in good standing, praying that the courts rule in the interest of Justice. Also, Post Conviction Motions set's (sic) forth clear constitutional violations. A delayed Petition does not cure and/or relieve a court from its burden of establishing justice by correcting errors in law." (Petition at 14.)

With respect to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. Denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the Petitioner.

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

Signed: November 17, 2009

Graham C. Mullen
United States District Judge